UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EDWARD LEWIS CARTER, JR,

Plaintiff,

v.

NURSE DANIELLE,
NURSE JEN,
BRANDON S. STRUZYK,
CALEB CORBETT,
SENECA COUNTY SHERIFF'S OFFICE, and
SENECA COUNTY, NEW YORK,

Defendants.

26-CV-7079-MAV
ORDER

## INTRODUCTION

*Pro se* Plaintiff Edward Lewis Carter, Jr. filed this action seeking relief under 42 U.S.C. § 1983. ECF No. 1. Carter claims that Seneca County Correctional Facility personnel were deliberately indifferent to his serious medical needs and used excessive force against him. Carter also filed a motion for leave to proceed *in forma pauperis*, ECF No. 2; a motion to appoint counsel, ECF No. 3; and a motion for electronic filing privileges, ECF No. 4.

Because Carter's motion to proceed *in forma pauperis* meets the requirements of 28 U.S.C. § 1915(a), the Court grants the motion and screens the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, the excessive force claim will proceed to service. Claims against the Seneca County Sheriff's Office

are dismissed without leave to amend. The complaint is otherwise dismissed with leave to amend.

## BACKGROUND

Carter was incarcerated at the Seneca County Correctional Facility until July 24, 2026. ECF No. 1 at 4. On July 3, 2026, Carter injured his hand while incarcerated at the Seneca County Correctional Facility. *Id.* at 4. He showed Nurse Danielle his hand, "which was very swollen." *Id.* Carter told Nurse Danielle he believed his hand was broken because he "could feel bones grinding against each other." *Id.* He also told her that he thought he needed to get an X-ray. *Id.* Nurse Danielle gave him an icepack and ibuprofen and "after 3 weeks the swelling went down." *Id.* On August 26, 2026, Wellnow took an X-ray, which showed that Carter's hand was broken. *Id.* As a result, Carter will be unable to work until his hand is healed. *Id.*

On July 17, 2026, Carter received 300 milligrams of "Sublocade" and had a "bad reaction." *Id.* Carter spent the next three days vomiting, in extreme pain, and unable to urinate or move his bowels. *Id.* All requests for medical attention went unanswered until July 20, 2026, when "another inmate told the nurses . . . that [Carter] was not faking and looked like death." *Id.* Carter then received "milk magnesia" and electrolytes. *Id.*

On July 22, 2026, Carter asked Officers Corbett and Struzyk to speak with someone from medical or mental health care. *Id.* at 6. Corbett ordered Carter to return to his cell, but Carter continued asking for medical or mental health and told both officers to turn their body cameras on. *Id.* When Carter did not return to his cell,

Corbett and Struzyk grabbed him and Corbett tased Carter "under [his] armpit with no warnings." *Id.* At this point, Carter "rais[ed] his hands in compliance and [told] them [he was] going to his room." *Id.* Even so, he was tased two more times, during which he fell and "hit [his] face and head on the concrete floor." *Id.* He did not receive any medical attention. *Id.* Instead, he was "thrown into a cell and forgot about." *Id.* Thereafter, he was "shackled every time [he] had to come out of [his] cell[.]" *Id.*

## LEGAL STANDARDS

### I. Review Under the IFP Statute

A court shall dismiss a complaint in a civil action in which an individual proceeding IFP seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines the action is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### II. Pleading Standards

In evaluating a complaint, a court must "accept all of the facts alleged in the complaint as true and draw all inferences in the plaintiff's favor." *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even a *pro se* complaint must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A

complaint states a claim for relief if the claim is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, although a *pro se* complaint need not provide every last detail in support of a claim, it must allege sufficient factual allegations to nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570; *see Komatsu v. Cubesmart, Daniels Norelli Cecere & Tavel PC*, No. 20-3676-CV, 2021 WL 6060603, at *1 (2d Cir. Dec. 20, 2021) (summary order) (to avoid *sua sponte* dismissal under the IFP statute, "a complaint must plead 'enough facts to state a claim to relief that is plausible on its face'" (quoting *Twombly*, 550 U.S. at 570)).

The Court's liberal pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint fails to state a claim if it supplies only "labels and conclusions," *Twombly*, 550 U.S. at 555, "a formulaic recitation of the elements of a cause of action," *id.*, or "'naked assertions' devoid of 'further factual enhancement,'" *Iqbal*, 556 U.S. at 678 (alteration omitted) (quoting *Twombly*, 550 U.S. at 557). Although a court is "obligated to draw the most favorable inferences that [a plaintiff]'s complaint supports, [it] cannot invent factual allegations that he [or she] has not [pleaded]." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

## III. Section 1983 Claims

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. Cnty. of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under § 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004). Moreover, the theory of *respondeat superior* is not available in a § 1983 action. *See Hernandez v. Keane*, 341 F.3d at 137, 144 (2d Cir. 2003). There is "no special rule for supervisory liability." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020). Rather, "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Id.* (quoting *Iqbal*, 556 U.S. at 676).

## IV. Leave to Amend

Generally, a court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal, unless it "can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v.*

*Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999)). But a court may deny leave to amend pleadings when any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (per curiam) ("Where it appears that granting leave to amend is unlikely to be productive[] . . . it is not an abuse of discretion to deny leave to amend.").

## DISCUSSION

### I. Seneca County Sheriff's Office

"Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." *Davis v. Lynbrook Police Dep't*, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002). A sheriff's office is considered an administrative arm of the county and therefore "is not subject to suit under Section 1983." *Martinez v. Queens Cty. Dist. Atty.*, No. 12-CV-06262 RRM RER, 2014 WL 1011054, at *16 (E.D.N.Y. Mar. 17, 2014) (municipal police department), *aff'd*, 596 F. App'x 10 (2d Cir. 2015); *McKenzie v. County of Erie*, No. 12-CV-912S, 2013 WL 5348084, at *2 (W.D.N.Y. Sept. 23, 2013) (sheriff's department); *Sanchez-Martin v. Allegany Cnty. Jail*, No. 11-CV-0568M, 2012 WL 360014, at *2 (W.D.N.Y. Feb. 1, 2012) (county jails). Because the Seneca County Sheriff's Office is not a suable entity, the claims against it are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as legally frivolous. Because claims against the Seneca County Sheriff's Office cannot be alleged with better pleading, dismissal is without leave to replead. *Cuoco*, 222 F.3d at 112.

## II. Seneca County, New York

A municipality cannot be held liable under § 1983 unless the challenged action was undertaken pursuant to a municipal policy or custom. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). To state such a claim, a plaintiff must plead three elements: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (quoting *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983)).

An official policy or custom can be established by showing:

> (1) a formal policy officially endorsed by the municipality; (2) actions or decisions made by municipal officials with decision-making authority; (3) a practice so persistent and widespread that it constitutes a custom of which policymakers must have been aware; or (4) a failure by policymakers to properly train or supervise their subordinates, such that the policymakers exercised "deliberate indifference" to the rights of the plaintiff and others encountering those subordinates.

*Dean v. Town of Hempstead*, 527 F. Supp. 3d 347, 453 (E.D.N.Y. 2021) (citing cases).

Carter does not contend that any of the alleged constitutional deprivations were caused by or occurred pursuant to an official custom or policy of Seneca County, and thus Carter has failed to state a § 1983 claim against this defendant. Because Carter is *pro se* he is granted leave to amend this claim to allege, if facts exist, that the constitutional violations alleged were caused by a policy or custom of Seneca County.

**III. Fourteenth Amendment: Inadequate Medical Care**

In the context of pretrial detention, claims involving the denial of medical care are analyzed under the Due Process Clause of the Fourteenth Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29-35 (2d Cir. 2017). A Fourteenth Amendment medical indifference claim, requires a pretrial detainee to plausibly allege two elements: an objective prong demonstrating the existence of a "serious medical need", and a "*mens rea*" prong, that defendants "acted with deliberate indifference to such needs." *Charles v. Orange County*, 925 F.3d 73, 86 (2d Cir. 2019) (citing *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Darnell*, 849 F.3d at 29).

The serious medical need element "contemplates a condition of urgency such as one that may produce death, degeneration, or extreme pain." *Id.* There is "no settled, precise metric to guide a court in its estimation of the seriousness of a prisoner's medical condition." *Brock v. Wright*, 315 F.3d 158, 162 (2d Cir. 2003). Courts consider factors such as "whether a reasonable doctor or patient would find the injury important and worthy of treatment, whether the medical condition significantly affects an individual's daily activities, and whether the illness or injury inflicts chronic and substantial pain." *Charles*, 925 F.3d at 86.

Under the *mens rea* prong, "something more than mere negligence" is necessary. *Id.* at 87 (quoting *Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir. 1996)). Deliberate indifference must be "shown by something akin to recklessness" but "does not require proof of a malicious or callous state of mind." *Id.* at 86. Thus, a plaintiff can "allege either that the defendants *knew* that failing to provide the complained of

medical treatment would pose a substantial risk to his health or that the defendants *should have known* that failing to provide the omitted medical treatment would pose a substantial risk to the detainee's health." *Id.* at 87.

### A. <u>Nurse Danielle</u>

Carter's allegation that his hand was swollen and he could "feel bones grinding against each other," ECF No. 1 at 4, may suffice at screening to allege a serious medical need, but this claim must be dismissed because Carter's allegations do not show Nurse Danielle's deliberate indifference. Carter may replead this claim to show that Nurse Danielle knew or should have known that he required treatment for a broken hand, including an x-ray.

### B. <u>Nurse Jen</u>

Carter appears to name Nurse Jen as a defendant to this claim, *id.*, but makes no factual allegations against her. This claim is therefore dismissed. Carter may replead this claim to show Nurse Jen's personal involvement in the alleged denial of medical care and her deliberate indifference.

### C. <u>July 17–20, 2026</u>

Carter's allegations regarding the refusal to provide medical care from July 17 to July 20, 2026, (ECF No. 1 at 4), plausibly allege deliberate indifference to a serious medical need. But this claim is dismissed because Carter does not name the defendants who refused to provide medical care during this period. Carter may replead this claim to name the responsible defendants. If Carter does not know a

defendant's name he may name the defendant John or Jane Doe. In that case, he should provide information that will assist in identifying the defendant.

**D. <u>July 22, 2026</u>**

Without additional facts, Carter's allegation that he was struck with two tasers and fell, hitting his head and face on the concrete floor, *id.*, does not allege a serious medical need. This claim is therefore dismissed. Carter may replead to show that the injuries sustained were sufficiently serious to constitute "a condition of urgency such as one that may produce death, degeneration, or extreme pain." *Charles*, 925 F.3d at 86. Carter's amended complaint must also allege facts showing a specific defendant or defendants' deliberate indifference.

**IV. Fourteenth Amendment: Excessive Force**

The Fourteenth Amendment's "Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." *Kingsley v. Hendrickson*, 576 U.S. 389, 397-98 (2015) (quoting *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)). Thus, to establish a Fourteenth Amendment excessive force claim, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Id.* at 396–97.

Considerations relevant to determining the reasonableness of the use of force include "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat

reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.* at 397 (citing *Graham*, 490 U.S. at 396).

Carter's allegation that he was returning to his cell when struck twice with a taser suggests an unreasonable use of force. This claim will proceed to service upon Corbett and Struzyk.

## V. Motions

### A. Motion to Appoint Counsel

In deciding whether to appoint counsel, the Court should first consider whether Carter's position seems likely to be of substance. If the claims meet this threshold requirement, the Court will consider several other factors in determining whether to appoint counsel. *See Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). At this early stage of the litigation, where Defendants have not responded to the allegations and Carter has been granted an opportunity to amend, the Court lacks sufficient information to determine whether Carter's position seems likely to be of substance. Carter's request to appoint counsel, ECF No. 3, is therefore denied without prejudice as premature.

### B. Motion for Electronic Filing Privileges

The Federal Rules of Civil Procedure provide that a *pro se* party "may file [documents] electronically only if allowed by court order or by local rule." Fed. R. Civ. P. 5(d)(3)(B)(i). The Western District of New York allows *pro se* litigants to file electronically only if permitted by the judge assigned to the case and has provided instructions and a form motion for pro se litigants seeking permission to file

documents electronically. *See* https://www.nywd.uscourts.gov/pro-se-e-filing. The instructions provide, in part, that before seeking approval from the Court to file papers electronically, a pro se litigant "must complete online training modules and meet all the technical requirements for e-filing" listed in the instructions. The instructions also state that the form motion seeking permission for electronic filing privileges and the registration form, http://www.nywd.uscourts.gov/pro-se-forms, "shall [be] download[ed] and fill[ed] in . . . ." and forwarded to the Court, https://www.nywd.uscourts.gov/pro-se-e-filing.

Carter's motion, ECF No. 4, mirrors the motion available on the Court website. Carter affirms that he has completed the online training modules, understands the technical requirements for e-filing, and that he has reviewed the requirements for e-filing and agrees to follow those requirements. The Court therefore exercises its discretion to permit Carter to file his documents electronically and grants his motion. Carter is cautioned that the Court may revoke this privilege at any time and that he will no longer receive paper mailings of the filings in this case.

## CONCLUSION

For the reasons above, Carter's motion to proceed *in forma pauperis*, ECF No. 2, is granted. After screening the complaint under 28 U.S.C. § 1915(e)(2)(B), the Court concludes that the excessive force claim will proceed to service upon Corbett and Struzyk. Claims against the Seneca County Sheriff's Office are dismissed without leave to amend. The complaint is otherwise dismissed with leave to amend.

Carter may file an amended complaint by November 30, 2026, in which he includes the necessary allegations as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Carter is advised that an amended complaint **completely replaces** the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977). Therefore, any amended complaint must include all allegations against each Defendant so that the amended complaint stands alone as the only complaint in this action.

Carter is further advised that he has been granted leave to amend only those claims addressed above—*viz.*, inadequate medical care and municipal liability. A district court has the inherent authority to dismiss claims that exceed the scope of the court's order granting leave to amend. *See Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) (collecting cases).

**ORDER**

IT HEREBY IS ORDERED that Carter's motion to proceed *in forma pauperis*, ECF No. 2, is GRANTED; the Clerk of Court is directed to file the documents in ECF No. 2 under seal pursuant to Federal Rule of Civil Procedure 5.2(d);[1] and it is further

ORDERED that Carter's motion for appointment of counsel, ECF No. 3, is DENIED without prejudice; and it is further

ORDERED that Carter's motion for electronic filing privileges, ECF No. 4, is GRANTED; and it is further

[1] Carter's *in forma pauperis* motion contains the full names of minor children.

ORDERED that the excessive force claims against Corbett and Struzyk shall proceed to service; and it is further

ORDERED that claims against the Seneca County Sheriff's Office are dismissed without leave to amend; the Clerk of Court shall terminate the Seneca County Sheriff's Office; and it is further

ORDERED that the remaining claims alleged in the complaint are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim but with leave to amend; and it is further

ORDERED that Carter may file an amended complaint as directed above by no later than November 30, 2026; and it is further

ORDERED that the Clerk of Court shall send to Carter with this order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint; and it is further

ORDERED that if Carter does not file an amended complaint by November 30, 2026, the Clerk of Court shall cause the United States Marshals Service to serve copies of the summons, the complaint, and this order upon defendants Caleb Corbett and Brandon S. Struzyk without Carter's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in Carter's favor;[2] and it is further

---

[2] If Carter files an amended complaint as directed in this Order, service will be deferred until such time as the Court has screened the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

ORDERED that the Clerk of Court shall forward a copy of this order and the complaint by email to Seneca County Attorney Arthur James III, ajames@co.seneca.ny.us; and it is further

ORDERED that pursuant to Western District of New York Local Rule of Civil Procedure 5.2(d), Carter must immediately notify the Court in writing each time his address changes. Failure to do so may result in dismissal of the action with prejudice.

SO ORDERED.

Dated: October 29, 2026
Rochester, New York

HON. MEREDITH A. VACCA
United States District Judge